B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District __of Florida__

In re Patti Granger , 
        Debtor

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Mary Abdallah, et al., Plaintiff ,

        V.

Patti Granger, et al., Defendant ,

Case No. * __11-31394, Pending in the Eastern District of California__

Chapter __7__

Adv. Proc. No. * __13-02083, Pending in the Eastern District of California__

To: Barbizon National Advertising Committee, Inc.
    c/o Wendy Cleveland 3111 North University Drive, Suite 1002, Coral Springs, Florida 33065

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule

| PLACE | DATE AND TIME |
| --- | --- |
| Law Office of Scott D. Owens<br>664 East Hallandale Beach Boulevard, Hallandale, Florida 33009 | May 17, 2013, at 6 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

    Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Ethan Preston<br>Attorney for Plaintiff | DATE<br>5/1/13 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Ethan Preston, Preston Law Offices, 8245 North 85th Way, Scottsdale, Arizona, 85258

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85259
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Mary Abdallah*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re PATTI L GRANGER,<br><br>Debtor, | PENDING IN THE BANKRUPTCY COURT FOR EASTERN DISTRICT OF CALIFORNIA<br><br>No. 11-31394<br><br>Adversary Proceeding No. 13-02083 |
| MARY ABDALLAH, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATTI GRANGER and DOES 1 to 100<br><br>Defendants. | **PRODUCTION SCHEDULE FOR SUBPOENA FOR BARBIZON NATIONAL ADVERTISING COMMITTEE, INC.** |

**Instructions:**

Barbizon National Advertising Committee, Inc. ("BNAC") is required to respond to the attached subpoena in a manner that is consistent with Federal Rule 45. The following instructions do not limit the scope of BNAC's obligations under the Rule 45, but are merely meant to remind or inform BNAC of these duties and to provide examples of compliance those duties.

The attached subpoena places BNAC on notice that it has a duty to preserve evidence relevant to the above-captioned case, including in particular preserving copies of all documents which relate to Patti Granger, Barbizon School of Sacramento, Inc., Barbizon School of San Francisco, Inc., Barbizon Modeling and Acting School of Southern California, Inc., Barbizon Model Agency of San Francisco, Inc., the International Performing Arts Academy, LLC and/or the International Performing Arts Showcase. Failure to obey a subpoena may expose BNAC to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). California law provides criminal penalties for any person who

> knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same . . .

Cal. Penal Code § 135. Federal law provides criminal penalties for any person who "corruptly . . . obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice[.]" 18 U.S.C. § 1503(a). Contact the counsel identified above if there are any questions about the subpoena or BNAC's obligations thereto.

The duty to preserve created by a subpoena extends to documents and other evidence within BNAC's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). BNAC has "control" over evidence or documents if it has the legal right to obtain them upon demand.

It is likely that most of the documents requested in this subpoena are electronic. Effective preservation of documents requires BNAC to identify and

---

Production Schedule for Barbizon National Advertising Committee, Inc.

1

No. 13-02083

inventory the physical media where requested electronic documents may be found. Such physical media can take any number of forms, and the following list is provided for illustrative purposes: (1) hard drives attached to personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via USB or FireWire); (5) optical media (i.e., CDs and DVDs); (6) floppy discs; (7) portable devices including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the foregoing devices. Document custodians should be alerted that relevant documents may be found in any of the foregoing media, and that a single item of computer media may contain multiple file systems.

**A.     Definitions**

With respect to this Subpoena,

1. The term "document" means any information that is fixed in a tangible form and stored in a medium from which it can be retrieved and examined. This definition includes, but is not limited to, emails, computer files in every kind and format, as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

2. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

3. The term "concerning" means referring to, describing, evidencing, or constituting.

4. The term "Barbizon Sacramento" includes Patti Granger, Barbizon School of Sacramento, Inc., the International Performing Arts Academy, LLC, and/or the International Performing Arts Showcase, as well as any predecessor entities and/or successor entities.

### B. Scope

In its response to the Subpoena, BNAC shall produce (in addition to all documents in its possession or custody) all documents which it has a legal right to demand. By way of example, but without limitation, BNAC shall produce all responsive documents found in the possession or custody of its agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, and/or anyone acting on behalf of it, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

### C. Production of Electronic Documents

BNAC shall produce any electronic documents requested herein in "native format," meaning the format in which they are ordinarily used or accessed by it outside of litigation. Native format explicitly includes application-specific metadata (like File Properties for Microsoft Word .doc files) and file system metadata (like the date of creation and modification and file permissions stored in an NTFS-formatted file system). In particular, BNAC shall produce electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a .tar or .zip file. These archival formats simplify preservation of time-related metadata. These archival formats can also be used to simplify preservation of file systems' overall directory structure (and thereby responsive documents' filepath) by initially including the file systems' root directory in the archive, and then manually excluding all non-responsive directories and files. If BNAC prefers, it may use a .tar or .zip or similar archival file format to produce all responsive documents on a particular file system. (The documents contained within the archive file should still be produced in their native format.) Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons.

However, if responsive electronic documents are in a file format that is not accessible by mass-market software, BNAC shall translate the file to a format accessible by mass-market software. Ordinarily, it is acceptable to export data in a proprietary format to plain text files (i.e., files encoded in ASCII format). Please coordinate with counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata.

There are a variety of ways to authenticate electronic documents. For instance, BNAC may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal time and resources. In either event, BNAC can ensure the integrity of the electronic documents it produces by including a cryptographic hash value for each document (or each archive). These hash values can be used to label particular productions, and to ensure that the productions are not altered.

### D.   Manner of Production

BNAC shall organize the requested documents either "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A). If BNAC does not organize and label produced documents, it must demonstrate that it produced the documents as they are kept in the usual course of business. BNAC may be obliged to substantiate that the documents it produces are produced as they are kept in the ordinary course of business.

BNAC should produce documents on optical media (CDs or DVDs) or on a portable hard drive. Ideally, it should produce documents on read-only optical media (such as CDs or DVDs). BNAC should produce documents on properly-

formatted hard drive only if production on optical media is impractical (because of storage limitations) or the translation to an optical media file system materially alters documents.

If BNAC has paper documents without any electronic originals, those documents should be scanned into a .pdf format in a manner that ensures that they are legible and searchable. Please coordinate with counsel early on, so that the logistics of scanning such paper documents in can be worked out in advance of the production deadline. For environmental and logistical reasons, documents that cannot be scanned should be produced on paper only as a last resort.

### E. Objections

Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for objection that is not stated in a timely objection are waived. If documents are withheld under a claim of privilege or protection as trial-preparation material, BNAC shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which it claims support the application of such privilege) in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(d)(2). A privilege log or equivalent should be prepared with BNAC's response to the Subpoena, or an extension should negotiated beforehand.

Defendant or other third parties may serve BNAC with objections to its production in response to this subpoena. These objections do not require or permit BNAC to delay its production in response to this subpoena. These persons are required to file a motion for protective order or a motion to quash the subpoena if they wish to prevent BNAC's production, and their standing to do so is limited to asserting a privilege. *Cf.* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(c)(3).

**Schedule of Documents to be Produced by Barbizon National Advertising Committee, Inc.:**

1. All documents constituting communications between Barbizon Sacramento and BNAC or any of BNAC's agents between March 2009 and the present.

2. All contracts between BNAC and Barbizon Sacramento in effect between March 2009 and the present.

3. All contracts between BNAC and any successor to Barbizon Sacramento in effect between March 2009 and the present.

4. All BNAC's bills or account statements for Barbizon Sacramento between March 2009 and the present.

5. All documents concerning advertising for Barbizon Sacramento (including any advertisements BNAC created, placed, distributed, or displayed for Barbizon Sacramento) between March 2009 and the present.

6. All documents reflecting or evidencing payments that Barbizon Sacramento made to BNAC between March 2009 and the present.

7. All other documents concerning Barbizon Sacramento. In particular, the Subpoena includes (but is not limited to) all documents which contain the name "Patti Granger, "Patti L Granger," "Barbizon School of Sacramento, Inc.," and/or "701 Howe Avenue, Suite H-50."

8. All documents concerning any communication regarding the above-captioned litigation (including this Subpoena) between BNAC and another party (except for BNAC's attorneys).

In particular, the Subpoena includes (but is not limited to) any objections to this Subpoena and any cover letter for such objections.

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing subpoena this date served upon the parties below by causing a copy of the foregoing documents to be placed in the United States first class mail, postage prepaid, and sent to their last known address as below:

>Daniel S. Weiss
>LAW OFFICES OF DANIEL S WEISS
>2020 Hurley Way, Suite 210
>Sacramento, California 95825

*Attorney for Patti L Granger*

Dated: May 1, 2013       By: _____

>David C. Parisi (162248)
>Suzanne Havens Beckman (188814)
>PARISI & HAVENS LLP
>15233 Valleyheart Drive
>Sherman Oaks, California 91403
>(818) 990-1299 (telephone)
>(818) 501-7852 (facsimile)
>dcparisi@parisihavens.com
>shavens@parisihavens.com
>
>Ethan Preston (263295)
>PRESTON LAW OFFICES
>8245 North 85th Way
>Scottsdale, Arizona 85259
>(480) 269-9540 (telephone)
>(866) 509-1197 (facsimile)
>ep@eplaw.us

*Attorneys for Plaintiff Mary Abdallah*

Certificate of Service                                                                 No. 13-02083

# RETURN OF SERVICE

**State of Florida**         **County of**                **Southern District Court**

Case Number: 11-31394   Court Date: 5/17/2013 6:00 pm

Plaintiff:
**MARY ABDALLAH, ET AL.,**

vs.

Defendant:
**PATTI GRANGER, ET AL.,**

For:
Scott D. Owens
Law Office of Scott D. Owens, Esq.
664 E. Hallandale Beach Blvd
Hallandale, FL 33009

Received by Caplan, Caplan and Caplan on the 1st day of May, 2013 at 3:33 pm to be served on **BARBIZON NATIONAL ADVERTISING COMMITTEE, INC., C/O WENDY CLEVELAND, 3111 NORTH UNIVERSITY DRIVE SUITE 1002, CORAL SPRINGS, FL 33065.**

I, Luzeneida Gonzalez, do hereby affirm that on the **2nd day of May, 2013** at **1:35 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Subpoena In Adversary Proceeding** with the date and hour of service endorsed thereon by me, to: **WENDY CLEVELAND** as **REGISTERED AGENT** for **BARBIZON NATIONAL ADVERTISING COMMITTEE, INC.**, at the address of: **3111 NORTH UNIVERSITY DRIVE SUITE 1002, CORAL SPRINGS, FL 33065**, and informed said person of the contents therein, in compliance with F.S. 48.081. Registered agent failed to comply with F.S.48.091 by not being available between the statutory hours of 10AM- 12PM.

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff Appointed Process Server in the county in which this defendant/witness was served and have no interest in the above action. Pursuant to FS 92.525(2), no notary is required.

Luzeneida Gonzalez
1089

Caplan, Caplan and Caplan
172 West Flagler St., #320
Miami, FL 33130
(954) 462-1800

Our Job Serial Number: CPN-2013016622

Service Fee: _____

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-02-13 | 3111 N Unv Dr. Suite 1002 - Coral Springs FL |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Wendy Cleveland | | Personnal |
| SERVED BY (PRINT NAME) | | TITLE |
| LuzEneida Gonzalez | | Process Server - 1087 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5-02-13
DATE

SIGNATURE OF SERVER

631 S Andrew Ae
Ft Laud FL 33301

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).